IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOHAMMAD Y. SHAIKH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 1715 |
| | ) | |
| DR. WAYNE WATSON, in his capacity as | ) | Judge Ronald A. Guzmán |
| Chancellor of the City Colleges of Chicago, | ) | |
| CITY COLLEGES OF CHICAGO, MALCOLM X | ) | |
| COLLEGE, GHINGO W. BROOKS, individually and | ) | |
| in his capacity as President of and as Agent of Malcolm | ) | |
| X College, RON ANTOINE, individually and in his | ) | |
| capacity as Human Resources Administrator and as | ) | |
| Agent of Malcolm X College, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mohammad Shaikh, represented by counsel, has sued the City Colleges of Chicago, Dr. Wayne Watson, Chancellor of the City Colleges of Chicago, Ghingo Brooks, individually and in his official capacity as President of Malcolm X College, and Ron Antoine, individually and in his official capacity as Human Resources Administrator of Malcolm X College, for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"), as well as under state law for retaliatory discharge, tortious interference with his union rights and intentional infliction of emotional distress. Before the Court is defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and (6). For the reasons provided herein, the Court grants the motion.

**Facts**

From 1971 to 2003, Malcolm X College, one of the seven community colleges that comprise the City Colleges of Chicago, employed Shaikh as a Laboratory Assistant II in the Chemistry Department laboratories. (*Id.* ¶¶ 1, 3, 9.) Shaikh alleges that in 2003, his position was eliminated due to budget considerations. (*Id.*)

Not long after the elimination of the Laboratory Assistant II position, Shaikh was rehired in the Chemistry Department as a Teaching Assistant, a position he held until Malcolm X College terminated him in August 2007. (*Id.* ¶ 10.) Plaintiff grieved his August 2007 termination and succeeded. (*Id.* ¶ 11.) Accordingly, in February 2008, Shaikh resumed working for Malcolm X College. (*Id.* ¶ 12.) However, he was assigned to the Physics Department rather than the Chemistry Department. (*Id.*)

Shaikh bases his Title VII cause of action on Malcolm X College's termination of his employment on June 30, 2009, which he alleges was due to his Muslim religious beliefs, Pakistani national origin and disability (heart condition). (*Id.* ¶ 21.) Shaikh bases his ADEA cause of action on his allegation that he was terminated because of his age and was replaced by a younger employee who took over his job functions. (*Id.* ¶ 23.)

In support of his state law claims, Shaikh alleges that Malcolm X College discharged him in retaliation for his having won the grievance regarding his August 2007 termination. (*Id.* ¶ 25.) Shaikh alleges that Malcolm X College's retaliatory intent with regard to his discharge is evident because the Physics Department facilities were dusty, ill-maintained and featured obsolete equipment. (*Id.* ¶ 13.) No one else was assigned to work in that specific area for over twenty-five years. (*Id.*) He alleges that defendants interfered with his union rights by not allowing him to be present during a meeting between the union representative and defendants regarding his

grievance about these working conditions, a grievance that was unsuccessful. (*Id.* ¶ 25.) In addition, Shaikh alleges that his working conditions and his June 2009 termination constituted intentional infliction of emotional distress, which he believes is taking a toll on his heart condition.

**Discussion**

In this case, defendants launch a facial attack on jurisdiction pursuant to Rule 12(b)(1) and move to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6). Facial attacks are subject to the same standard as Rule 12(b)(6) motions, *i.e.*, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003); *see Mitchem v. Ill. Collection Serv., Inc.*, No. 09 C 7274, 2010 WL 3003990, at *1 (N.D. Ill. July 29, 2010).

First, the Court agrees with defendants that the Board of Trustees of Community College District No. 508 is the proper defendant in this case. 110 Ill. Comp. Stat. 805/3-11; *see Quist v. Bd. of Trs. of Cmty. Coll. Dist. No. 525*, 629 N.E.2d 807, 818 (Ill. App. Ct. 1994) ("By statute, the Board is the body politic amenable to suit on behalf of the college."). Accordingly, the Court dismisses City Colleges of Chicago and Malcolm X College as defendants in this case and grants plaintiff leave to name the Board of Trustees of Community College District No. 508 as a defendant.

Second, the Court notes that Title VII creates a cause of action for employment discrimination based on an individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). "Disability is not among the enumerated bases for a Title VII suit, and therefore a

claim for disability discrimination brought under Title VII cannot survive." *Diep v. Southwark Metal Mfg. Co.*, No. CIV. A. 00-6136, 2001 WL 283146, at *2 (E.D.Pa. Mar. 19, 2001). "The proper avenue for a disability suit is, of course, the Americans with Disabilities Act, which explicitly provides a legal remedy for discrimination on the basis of disability." *Id.* (citing 42 U.S.C. § 12112(a)). For the purposes of the instant motion, the Court views Sheikh's disability discrimination claim in Count I as having been brought under the Americans with Disabilities Act ("ADA"). However, the Court grants plaintiff leave to amend the complaint to bring an ADA claim.

Third, the Court holds that Shaikh has failed to state a claim against Brooks, Watson or Antoine under Title VII, the ADEA or the ADA. Supervisors, in their individual capacity, do not fall within the definition of employer under Title VII, the ADEA or the ADA. *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (Title VII); *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995) (ADEA); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279 (7th Cir. 1995) (ADA). Accordingly, Brooks, Watson and Antoine are dismissed as defendants with regard to Counts I and II.

Fourth, to the extent that Shaikh seeks punitive damages against the Board of Trustees of Community College District No. 508, Brooks, Watson or Antoine in any capacity, such a remedy is barred under the Local Governmental and Governmental Employees Tort Immunity Act, 745 Ill. Comp. Stat. 10/2-102. The Act states that "a local public entity[1] is not liable to pay punitive . . . damages in any action brought directly . . . against it by the injured party" and that "no public official is liable to pay punitive . . . damages in any action arising out of an act or omission made

---

[1] "'Local public entity' includes a . . . community college board . . . ." 745 Ill. Comp. Stat. 10/1-206.

by the public official while serving in an official executive . . . capacity, brought directly . . . against him by the injured party." 745 Ill. Comp. Stat. 10/2-102 (footnote added); *see, e.g., Simonsen v. Bd. of Educ. of City of Chi.*, No. 01 C 3081, 2001 WL 1250103, at *8 (N.D. Ill. Oct. 17, 2001) ("The Board . . . cannot be held liable for punitive damages under . . . Title VII."); *Opal v. Cencom E 911*, No. 93 C 20124, 1994 WL 97723, at *7 (N.D. Ill. Mar. 22, 1994) (holding that section 2-102 "immunity for punitive damages applies to pendent claims in federal court"). Shaikh has sued a community college, the Chancellor of the City Colleges of Chicago and Malcolm X College's President and Human Resources Administrator for actions allegedly taken against him on behalf of the community college. Accordingly, the Court grants defendants' motion to dismiss Shaikh's request for punitive damages against the defendants, and therefore, only his request for compensatory damages remains.

Fifth, the Court also agrees that Shaikh has failed to state a claim for common law retaliatory discharge and tortious interference with union rights seeking compensatory damages[2] in Count III. Shaikh alleges that he was discharged and was not allowed to be present at a grievance meeting because he previously had filed a successful union grievance against defendants. (*See* Compl. ¶ 25.) The Illinois Educational Labor Relations ("IELR") Board "has exclusive initial jurisdiction over such a claim." *See Alexander v. Ne. Ill. Univ.*, 586 F. Supp. 2d 905, 911 (N.D. Ill. 2008); *see also Bd. of Educ., Granite City Cmty. Unit Sch. Dist. No. 9 v. Sered*, 850 N.E.2d 821, 830 (Ill. App. Ct. 2006) ("The Board's purpose in fashioning a remedy

---

[2]Because the Local Governmental and Governmental Employees Tort Immunity Act bars punitive damages against the defendants in this case for retaliatory discharge, the Court finds the case on which Shaikh relies, *Midgett v. Sackett-Chi., Inc.*, 473 N.E.2d 1280, 1283-84 (Ill. 1984), inapposite.

in an unfair labor practice case is to place the parties in the same position they would have been had the unfair labor practice not have occurred.").

> The IELR Act ["IELRA"] "establishes procedures governing collective bargaining arrangements between public educational institutions and their employees . . . ." *Tavernor v. Ill. Fed'n of Teachers*, 226 F.3d 842, 844 (7th Cir. 2000). It explicitly establishes the procedure for challenging an alleged unfair labor practice. *See* 115 Ill. Comp. Stat. 5/15; *id.* 5/16. Under that procedure, an individual may file a charge with the IELR Board, which then determines whether to issue a complaint against the employer. *Id.* 5/15. A decision by the IELR Board not to issue a complaint is appealable to the appellate court on administrative review. *Id.* 5/16.

*Alexander*, 586 F. Supp. 2d at 911; *see Bd. of Educ. of Warren Twp. High Sch. Dist. 121 v. Warren Twp. High Sch. Fed'n of Teachers*, 538 N.E.2d 524, 529 (Ill. 1989) (observing that the IELRA "creates rights and duties which were unknown to the common law" and that the legislature "was free to limit the circuit courts' jurisdiction" over matters covered by the Act). Because Shaikh's claims for retaliatory discharge and tortious interference with union rights seeking compensatory damages in Count III fall within the exclusive jurisdiction of the IELR Board, the Court dismisses Count III in its entirety.

Lastly, in Count IV, Shaikh alleges a state law claim of intentional infliction of emotional distress ("IIED"). Defendants argue that this claim is preempted by the Illinois Human Rights Act ("IHRA"), 775 Ill. Comp. Stat. 5/1-101 *et seq.* The IHRA provides that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act."[3] 775 Ill. Comp. Stat. 5/8-111(C). Therefore, the IHRA preempts any state or common law claims that are "inextricably linked to a

---

[3]The IHRA provides: "It is a civil rights violation . . . [f]or any employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination or citizenship status." 775 Ill. Comp. Stat. 5/2-102.

civil rights violation such that there is no independent basis for the action apart from the Act itself." *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997); *see Beard v. City of Chi.*, 299 F. Supp. 2d 872, 874 (N.D. Ill. 2004); *see also Jones v. Sabis Educ. Sys., Inc.*, No. 98 C 4252, 1999 WL 1206955, at *9 (N.D. Ill. Dec.13, 1999) (explaining that "Illinois state courts and federal courts exercising supplemental jurisdiction over Illinois state claims lack subject matter jurisdiction over" claims preempted by the IHRA).

In support of his IIED claim, Shaikh alleges that "[t]he Defendant's [sic] discriminatory acts committed to the Plaintiff after his reinstatement when he won the grievance in February 2008 until he was again unlawfully terminated on June 30, 2009 were deliberate and intentional acts to inflict emotional distress which is taking a toll on Plaintiff's heart condition." (Compl. ¶ 27.) He realleges the same facts that form the bases for his Title VII, ADA and ADEA claims as well as his claims that are within the exclusive jurisdiction of the IELR Board. (*Id.* ¶ 26.) Given that Shaikh's IIED allegations are either based on, and thus inextricably intertwined with, his discrimination claims or constitute claims that fall within the exclusive jurisdiction of the IELR Board, the course of conduct alleged does not state an independent state law claim. Therefore, the Court holds that Shaikh's IIED claim is preempted by the IHRA and dismisses it.

**Conclusion**

For the reasons stated above, the Court grants defendants' motion to dismiss [doc. no. 9]. The Court: (1) dismisses Counts III and IV; (2) dismisses Counts I and II as to Watson, Brooks and Antoine; (3) dismisses City Colleges of Chicago and Malcolm X College as defendants in this case and grants plaintiff leave to name the Board of Trustees of Community College District No. 508 as a defendant; (4) strikes Shaikh's request for punitive damages; and (5) orders plaintiff to amend his complaint within fifteen days so that it comports with the rulings herein.

**SO ORDERED**  **ENTERED:**

February 8, 2011

*Ronald A. Guzman*
_____
**HON. RONALD A. GUZMAN**
**United States District Judge**